## EDWIN PARDRIDGE

*v.*

## CLINTON D. WING.

CONTINUANCE. Where the defendant, about a week before his case was reached for trial, went to New York on business, without making any inquiry of his attorneys as to the probability of his case being reached, or furnishing them the names of his witnesses by whom his defense could be established, so that no preparation was made for the trial of his case, it was *held* that the defendant was not entitled to a continuance, as he had used no diligence to be ready, and for the same reason he was not entitled to a new trial on the ground of his absence at the trial.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. FAIRCHILD & BLACKMAN, and Messrs. BENTLEY & QUIGG, for the appellant.

Mr. W. D. BARRY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

The appellant, Edwin Pardridge, conveyed by general warranty deed of conveyance, certain lands in the State of Kansas, to appellee. The title to the lands failed, and this action was brought in the Superior Court of Cook county to recover on the covenants of title contained in the deed.

The cause was on the trial docket, pending for trial, in July, 1874. On the 21st day of July, some seven days before the case was reached for trial, the defendant, appellant in this court, who at the time resided in Chicago, went to New York, without giving his attorneys the names of his witnesses, or making any preparation whatever for trial. On the 28th day of July the attorneys of appellant entered a motion for a continuance of the cause, in support of which an affidavit of appellant's partner in business was filed, the substance of which was, that appellant, who was in poor health, left for New York on July the 21st to purchase goods; that he was expected to return some day during the following week; that his business in New York usually occupies one week.

The affidavit of one of appellant's attorneys was also presented in the motion, the substance of which was, that appellant left without being informed his case was likely to be called for trial; that he had only learned of the absence of appellant on the Thursday before; that he had taken no steps to procure his return, as he did not suppose the case would be reached; that, so far as he knows, appellant is the sole witness in the case, for the defense. Other facts are set out in the affidavit which it is unnecessary to state.

The court overruled the motion for a continuance, and this is relied upon as error.

The application for a continuance was properly overruled. The cause was upon the trial docket, pending for trial, and no preparation whatever was made by appellant to have the cause in readiness when it should be reached.

Neither the appellant nor his attorneys seem to have made a particle of preparation for trial, and only about a week before the case was reached the appellant went to New York on business, without making any inquiry of his attorneys as to the probability of his case being reached for trial, or furnishing them the names of witnesses by whom his defense could be established.

The application for a continuance failed entirely to show that diligence the law requires of a party to authorize a court to grant a continuance. After the verdict of the jury had been returned in favor of appellee, a motion was made for a new trial, based upon the affidavit of appellant and several others.

The court overruled this motion, and this decision of the court is relied upon as error.

Appellant, in his affidavit, says the reason he failed to give the names of his witnesses to his attorneys and inform them of his defense was, he was advised by his attorneys that there was no probability of his case being reached for trial before the summer vacation of the courts; he further states it would not have been reached had not the court varied from its uniform practice of calling twenty cases per day, and adopted the practice of calling forty per day; and when, under the increased call, there became a remote probability that the case would be reached, it was too late, by reason of severe illness of appellant, to confer with his counsel, give them information, and prepare for trial.

But it, however, appears that, seven days before the case was called, and when appellant knew the court was calling cases at the rate of forty each day, he was able to make the trip to New York and look after important business. If he was in proper condition to do this, he surely was able to give the facts of his case and the names of his witnesses to his attorneys. Had they been placed in the possession of these facts, and appellant remained in Chicago, we see no reason why the case on the part of appellant would not have been ready for trial; if not ready,

he would have been in position to have procured a continuance on his own affidavit.

Upon appellant's own showing, he has not used the diligence required to justify the court in granting him a new trial. It is not, therefore, necessary to consider the point raised, that the court allowed counter affidavits.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*